

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-26-00126-CV

———————————————

RASHAD BRAZIER, Appellant

V.

TARRANT EQUITY LLC, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2026-000757-1

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Rashad Brazier, proceeding pro se, attempts to appeal the trial court's judgment in a forcible detainer suit in which the trial court ordered that Appellee Tarrant Equity LLC was entitled to possession of certain real property in Tarrant County. However, it has come to this court's attention that the writ of possession issued in this case was executed on March 19, 2026—after Brazier filed his notice of appeal—and that Brazier is therefore no longer in actual possession of the property at issue in this appeal.

A case becomes moot if, at any stage of the proceedings, a controversy ceases to exist between the parties. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). An appeal in a forcible detainer case becomes moot when the appellant vacates the property unless the appellant holds and asserts a meritorious claim of right to current, actual possession of the property. *See Marshall*, 198 S.W.3d at 787. When a case becomes moot on appeal, we must dismiss the case. *See id.* at 790.

We notified Brazier that we were concerned that this appeal should be dismissed because it appears to be moot. We warned him that this appeal could be dismissed for want of jurisdiction unless he filed a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a), 44.3. Brazier filed a response, but it does not show grounds for continuing the appeal. Rather, Brazier concedes that he is no longer in possession of the property at issue in this appeal.

Because Brazier is no longer in possession of the property and because he has not demonstrated that he holds a meritorious claim of right to current, actual possession, we vacate the trial court's judgment and dismiss this appeal as moot. *See* Tex. R. App. P. 43.2(e); *Marshall*, 198 S.W.3d at 785; *Johnson v. Seattle Bank*, No. 02-25-00278-CV, 2025 WL 2989768, at *1 (Tex. App.—Fort Worth Oct. 23, 2025, no pet.) (vacating judgment and dismissing appeal as moot because appellant was no longer in possession of property and had not presented any other basis for claiming right to current, actual possession).[1]

Per Curiam

Delivered:  June 25, 2026

---

[1]Brazier has filed several pro se motions throughout the pendency of this appeal. Given our disposition of this appeal, any pending motions are denied as moot.